J. E. BUDD and A. P. SHARPSTEIN, Plaintiffs in Error,

*v.*

## THE WALLA WALLA PRINTING AND PUBLISHING COMPANY, Defendant in Error.

The fact that the same person acted as chairman, or president of a meeting of the Board of Trustees of a corporation, and also as secretary thereof, would not of itself invalidate its proceedings.

It is not essential to the legality of an unstated meeting of a Board of Trustees of a corporation, that proof of the notice of such meeting be spread upon its records. Such proof may be supplied *aliunde*. Until proof to the contrary appear, the meeting will be presumed to have been regularly called.

The fact of a trustee of a corporation, who had a demand against the corporation, being present at a meeting of the Board of Trustees which gave the note of the corporation to such trustee in payment, would not of itself invalidate the note.

In the absence of statute to the contrary, a corporation can contract with one of its trustees, and he can treat with such corporation respecting said contract through its Board of Trustees, of which he is a member, and be present at their meeting for that purpose, so long as his conduct is open and fair.

Whether under the circumstances the transaction was fraudulent, would be a matter of fact, to be established before a jury by the party alleging the fraud.

Error, to First Judicial District, holding terms at Walla Walla.

A statement of facts will be found in the opinion of the Court.

*B. L. & J. L. Sharpstein*, for Plaintiffs in error.

If a warrant of a corporation, regularly issued, is void because one of the payees named therein was a trustee of the corporation at the time the same was made, then we admit the ruling of the District Court to be correct, unless the defendant has, by delay, waived its right of objection on this ground.

We, however, claim that such is not the law ; but that a member of a Board of Trustees of a corporation may become its creditor, may take from it evidences of indebtedness and security therefor, and may enforce his demands by action.

*Pneumatic Gas Company* v. *Berry and another*, 113 United States Reports, 322 ; *Twin Lick Oil Company* v. *Marbury*, 91 United States Rep. 587 ; *Alvah E. Leavitt* v. *Oxford & Geneva Silver Mining Company of Utah*, 1 Pacific Reporter, 356 ; *United States Rolling Stock Company* v. *Atlantic and Great Western Railroad Company*, 34 Ohio St., 450, (32 American Reports, 380) ; *Smith* v. *Skeary*, 47 Connecticut, 47 ; *Sutter Sreet R. Co.* v. *Baum*, 4 Pacific Reporter, 916 ; *David S. Duncomb et al., Trustees etc.*, v. *The New York, Housatanic and Northern Railroad Co. et al.*, 88 New York Reports, 1; *Hallam* v. *Indianola Hotel Co. et al.*, 56 Iowa, 178 ; *Neall* v. *Hill et al.*, 16 California Reports (second edition), 146 ; Angell and Ames on Corporations (eighth edition), Sec. 233, and authorities there cited ; *Cheeney* v. *Lafayette, Bloomington & Mississippi Railroad Co.*, 68 Illinois, 570 ; *Santa Clara Mining Association* v. *Meredith*, 49 Maryland, 389 ; 33 American Reports, 264.

Every presumption is in favor of the legality of the warrant, and of the authority of the officers to issue the same. (*The President, Directors and Company of the Bank of the United States* v. *Danbridge*, 12 Wheaton, 64 ; 7 Curtis, 29 ; *Railway Company* v. *McCarthy*, 96 United States Reports, 258 ; *Gelpecke* v. *City of Dubuque*, 1 Wallace, 221.)

The defendant had no right to question the validity of the warrant upon the ground that the plaintiff, J. E. Budd, was one of its trustees, at the time or in the manner it did. (*United States*

*Rolling Stock Company* v. *Atlantic and Great Western Railway Company*, 34 Ohio St. R. 450 ; *Twin Lick Oil Co.* v. *Marbury*, 91 United States Reports, 587 ; *Upton, Assignee,* v. *Tubilcock*, 91 United States Reports, 45.)

For the foregoing reasons, and upon the foregoing authorities, we ask a reversal of the judgment of the Court below.

*A. E. Isham*, for Defendant in error.

In this Territory, the corporate powers of a corporation are exercised by a board of trustees, and the corporation has power to make by-laws, not inconsistent with the organic act of this Territory, and the laws of the United States, and the laws of this Territory. (Code 1881, page 417, Secs. 2424–5.)

Under the 8th article, by-laws, no contract shall be binding upon the corporation without being previously authorized or subsequently ratified by the board of trustees.

These plain provisions of the card cannot be changed by evidence tending to show estoppel *in pais*, or establish a custom against the corporation. No such issue was raised in the pleadings ; both are pleas in bar, and must be specifically plead; and all evidence should have been rejected by the Court which tended to establish these pleas.

Budd was a trustee, and had a duty to perform to the corporation, before he could take any steps toward contracting with the trustees, and receiving a benefit to himself by the drawing and acceptance of the warrant.

The trustees could not convey any portion of the property to one of its members, he being one of the trustees negotiating a contract with himself. (1 Perry on Trusts, 2d ed., Sec. 207, and authorities cited in notes ; Field on Corporations, 190, Sec. 174–5, and note 3 ; Id., 421, Sec. 396 ; *Michaud* v. *Girod*, 4 Howard, 544 ; *Kohler* v. *Black River Falls Iron Co.*, 2 Black, 715 ; *Drury* v. *Cross*, 7 Wall. 299 ; 16 Mich. 456 ; *Cumberland Coal Co.* v. *Hoffman Steam Coal Co.*, 18 Md. 456 ; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553 ; 25 Md. 117 ; *European & N. Am. Railroad Co.* v. *Poor*, 59 Me. 277 ; *Ogden* v. *Murry*, 39 N. Y. 202 ; *Bliss* v. *Matterson*, 45 N. Y. 22; *St. James' Church* v. *Church of the Redeemer*, 45 Barb. 356 ; *San Diego* v. *San Diego*, 44 Cal. 106 ; *Paine* v. *Lake Erie R. R. Co.*, 31 Ind. 282 ; *Davone* v.

Fanning, 2 Johns. Ch. 252; Wormley v. Wormley, 8 Wheat. 421.)

In this case, the plaintiffs are in no better condition, if the Court holds the warrant and proceedings voidable, than they would be if held absolutely void; as the record shows that the defendant, at its first opportunity, and without any reasonable delay, repudiated the alleged warrant and other proceedings. This we insist we had a right to do, under the authorities already cited, as well as the authorities cited by the plaintiff in error. (1 Perry on Trusts, Sec. 207 ; Beeson v. Beeson, 9 Penn. St. 280.)

If this Court should find that the contract and proceedings were not void, but that the ruling of the Court upon the whole record was correct, the judgment will not be disturbed.

The question before this Court is, Was the judgment correct? not the grounds upon which the judgment professed to proceed. (Mc Cluny v. Silliman, 6 Wheat. 598; Davis v. Packard, 6 Pet. U. S. 41 ; Love v. Shortzer, 31 Cal. 487.)

Ratification is in the nature of a plea in bar, and must be specifically plead ; it is new matter. (Pomeroy Remedial Rights, 2d ed., Sec. 687; Id. 690; Id. 712; 3d Estee Pl. 677-8; 3 Pomeroy Equity Ins., 497, Secs. 964-5.)

The constitution and by-laws of the corporation provided for a secretary, separate and distinct from the president, and he could not act in both capacities, even by consent of the trustees. The duties are opposed to each other, and the one is intended as a check upon the other. It was a fraud upon the stockholders, and J. E. Budd participated in the fraud, to secure the issuing of the warrant to himself, and the cancellation of his former contract with the company. (Fields on Corporations, Sec. 160-1.)

Opinion by GREENE, Chief Justice.

According to the transcript, the cause now before us for review was begun by appellants in the District Court on the 26th of May, 1883, to receive from appellee, which is a corporation, the amount of a warrant issued by the corporation through its president, on the 28th of April, 1883, and payable to appellants, or their order. For payment, the warrant was, on the day

of its issue, presented to the treasurer of defendant, and by him accepted, but owing to lack of funds, not paid. Refusal to pay occasioned the suit.

It appears from an allegation of the answer, undenied by the reply, that at and for a long time before the issuance of the warrant the affairs of the corporation were managed by a Board of five trustees, of whom one of the plaintiffs was one. Eventually, the cause came to trial, upon issues duly framed as to whether or not the corporation issued the warrant, and whether the warrant was not, as against the defendant, fraudulent and void. Nothing is alleged in the pleadings as to any ratification of the warrant.

Defendant's by-laws and the warrant were offered in evidence on the trial by plaintiffs, and were without objection admitted.

On admission of these, plaintiffs next offered the proceedings of a meeting of the trustees, held on the 23d of April, 1883, which proceedings included a resolution then passed by the Board, and purporting to authorize the issuance of the warrant. From the face of the proposed evidence it was apparent that the same person acted both as president and as secretary of the meeting; that four of the five trustees were present; that the resolution passed unanimously; and that the plaintiff trustee was present and voted its passage: but there was nothing to show that the meeting was a stated meeting, or was called pursuant to any notice.

To the admission of this evidence defendant objected.

1st. Because the president acted also as secretary of the meeting;

2d. Because the plaintiff trustee was present and voting; and

3d. Because no notice of the meeting appeared.

Holding with the defendant as to one or more of the points made, the Judge sustained the objection, and excluded the evidence. Exception was duly taken by plaintiffs, and allowed by the Court.

Without tendering more evidence, plaintiffs then rested. On this the Court, at defendant's request, instructed the jury that the warrant was void; for the reason that one of the plaintiffs was a trustee when it was issued, and could not contract with

himself.   Reasoning thus, the Court proceeded further to instruct the jury to find for the defendant ; to which instruction and the other instruction plaintiffs duly served exceptions. Left without option, the jury, of course, returned a verdict for defendant, and this verdict the plaintiffs in vain endeavored by a motion for a new trial to set aside.   Defendant followed up his verdict by taking the judgment from which the plaintiffs, under the Act of 1883, have sued this appeal.

In view of these occurrences in the lower Court, the soundness of the judgment is conceded to depend upon the correctness of the ruling of the Judge upon the admissability of the evidence offered and rejected.   Simply because the chairman of the meeting of the Board of Trustees acted also as its scribe would, in our opinion, operate to invalidate neither the action of the meeting nor the minutes of that action, as taken down and recorded by him.   There has been no authority cited bearing on the point, and perhaps there is none that could be.

How the duty of mere moderator can conflict with the duty of mere clerk, save in the matter of dispatch of business—a matter which must be determined by the meeting such officers serve—or how the one officer can be a check upon the other, is not easy for us to see.   Every assembly, in the absence of its regular secretary, must decide for itself whether its minutes shall be kept by a person other than its presiding officer, who may be the fittest or only fit person present to act as scribe. Even though the president and secretary be charged by statute with incompatible functions, the former officer would not thereby be prevented, in the absence of the latter, from accepting and discharging, *pro tempore*, for the latter, a function not incompatible.   No force therefore, we think, should be attributed to the first ground of objection to the proffered evidence.

All meetings of Boards of Trustees, to be valid, must, no doubt, be regular meetings; that is to say, cannot be valid unless they be stated meetings, or meetings called pursuant to authoritative notice.   Yet it does not follow that when the meeting is not a stated one, proof or recital of notice must appear on the face of the record of proceedings.   Our opinion is that any needed proof of the regularity of the meeting might be supplied *aliunde*, and that until the contrary appeared, the proceedings would be

presumed regular. (*Bank of U. S.* v. *Dandridge*, 12 Wheat.; *Ry. Co.* v. *McCarthy*, 96 U. S. 258; *Gelpecke* v. *City of Dubuque*, 1 Wallace, 221.)

From these points, therefore, we pass to the main questions, whether the simple fact of the plaintiff being trustee, or the more complex fact of his presence and action at the meeting, would render the apparent corporate action void. Giving his vote was a formal, but not a substantial participation in the doings of the Board. On the business in hand, he had no power to pass; and, therefore, his seeming exercise of power cannot be considered as real or effective. Doubtless, in the absence of statute to the contrary, the corporation could contract with him, for its interest might lie that way. Admitting this, it would seem to follow that he could treat with the corporation through its proper business functionaries, the trustees other than himself doing it in a fair and open-handed manner; and he could appear before them in his own interest, and in good faith press them to comply with his desires or necessities. More than this, we are not at liberty to presume that the plaintiff trustee did. Every case may, indeed, suggest suspicion of fraud, and in a particular case fraud may, perhaps, be establishable by proof, but a Court will always regard a transaction as honest until by competent evidence it is shown to be otherwise. No evidence sufficient to prove fraud got before the Court on the trial of this cause; and even if it had, the office of passing upon its sufficiency would have fallen to the jury.

As to these main questions, the authorities are somewhat divergent, but the weight of them and the better reason accord with our view. Most of the decisions that seem to favor a contrary doctrine are controlled by statutory provisions, or are based upon circumstances displaying actual or constructive fraud. Enough books to show the reasoning and attitude of the Courts in the premises are cited, when we name the following : (Angel and Ames on Corp., 8th ed., Sec. 233, and citations; *U. S. R. S. Co.* v. *R. R. Co.*, 34 Oh. St. 450; *Hallam* v. *Indianola H. Co. et al.*, 56 Iowa, 178 ; *Neal* v. *Hill et al.*, 16 Cal. 146 ; *Smith* v. *Skeary*, 47 Conn. 47; *Duncomb et al.* v. *N. Y. H. & N. R. R. Co. et al.*, 88 N. Y. 1 ; *Leavitt* v. *Oxford & G. S. M. Co.*, 1 Pac. Rep. 356; *Sutter St. R. R. Co.* v. *Baum*, 4 Id. 916;

II. Wash.—23.

*Twin L. O. Co.* v. *Marbury,* 91 U. S. 587; *Pneumatic Gas-Co.* v. *Berry et al.,* 113 U. S. 322.)

Nothing remains, but to add that the judgment of the District Court must be reversed, and the cause remanded for a new trial.

We concur: JOHN P. HOYT, Associate Justice.
                GEORGE TURNER, Associate Justice.